IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN STRUSOWSKI, et al., | : | |
| Plaintiffs, | : : : | Civil Action |
| v. | : : | No. 23-00537 |
| NEMOURS FOUNDATION, | : : | |
| Defendant. | : : : | |

## MEMORANDUM

**J. Younge**                                                                                        **December 14, 2023**

### I. INTRODUCTION

Currently before this Court is Defendant's Motion to Dismiss for Failure to State a Claim. (ECF No. 17.) The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, this Motion is Granted in Part and Denied in Part.

### II. FACTUAL BACKGROUND

Plaintiffs Benjamin Strusowski and Allison Clauges initiated this action against Defendant Nemours Foundation (hereinafter "Nemours"), a medical care provider with a website and app that is used nationwide. (Complaint, ECF No. 1.) Plaintiffs are residents of Pennsylvania and New Jersey. (Complaint, ¶¶ 8, 13, ECF No. 1.) Nemours is a nonprofit entity with a principal place of business in Florida. (Complaint, ¶ 18, ECF No. 1.) Plaintiff Strusowski accessed the Nemours website or app solely "from his home in Landenberg, Pennsylvania." (Complaint, ¶ 9, ECF No. 1.) Plaintiff Clauges accessed the website or app to exchange

information "with Nemours' Cherry Hill, New Jersey and Wilmington, Delaware locations." (Complaint, ¶ 15, ECF No. 1.)

Nemours' website and app is used to find doctors and schedule medical appointments. (Complaint, ¶¶ 28-29, 44-49, ECF No. 1.)  The Terms of Use agreement for Nemours' website and app contains a choice-of-law provision favoring Florida.  *See* Plaintiffs' Response to Motion to Dismiss, ECF No. 26, p. 7.  Nemours' website and app allegedly integrates the Facebook Tracking Pixel, which is used by Facebook to collect information from users and better customize advertisements.  (Complaint, ¶¶ 31-35, 39, ECF No. 1.)  This integration, Plaintiffs allege, allowed for the interception of "personally identifiable information, protected health information, and related confidential information" without their consent.  (Complaint, ¶¶ 19-20, 50-62, ECF No. 1.)

On February 10, 2023, Plaintiffs brought this action alleging violations of the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* (hereinafter "FSCA") (Count 1), both individually and on behalf of all users of Nemours' website and app, nationwide, whose personally identifiable information and/or protected health information had been transmitted to Facebook, pursuant to Federal Rule of Civil Procedure 23(b)(3).  (Complaint, ECF No. 1.)  Additionally, Plaintiff Strusowski, individually and on behalf of a subclass of all Pennsylvanian users of Nemours' website and app, alleges that this conduct violated the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. § 5701, *et seq.* (hereinafter "PWESCA") (Count 2).  (Complaint, ECF No. 1.)  The Defendant filed a Motion to Dismiss for Failure to State a Claim on April 4, 2023, arguing that (1) the FSCA does not apply to the conduct alleged by Plaintiffs and (2) the Plaintiffs' cause of action under the PWESCA rests on

mere conclusory allegations about the interception of electronic communications within Pennsylvania and the contents of said communications.  (ECF No. 17.)

### III.  LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'"  *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendants are liable for the alleged misconduct.

### IV.  DISCUSSION

#### A.  *The FSCA Does Not Apply to the Alleged Conduct.*

The Florida choice-of-law provision contained in Nemours' Terms of Use does not make the alleged conduct, which otherwise does not fall within the scope of the statute, subject to the FSCA.  Assuming *arguendo* that the Florida choice-of-law provision would cover this dispute, this does not expand the jurisdictional limitations imposed by the FSCA.  *See Burke Products, Inc. v. Access Electronics, LLC*, 311 So.3d 145, 148-49 (Fla. 2d DCA 2020) (finding that a

choice-of-law provision, in of itself, does not resolve jurisdictional questions); *see also Jack in the Box Inc. v. San-Tex Restaurants, Inc.*, SA-20-CV-00328-XR, 2021 WL 148058, at *5-6 (W.D. Tex. Jan. 14, 2021) (finding that, notwithstanding a choice-of-law provision agreeing to be bound by California law, parties cannot avail themselves of the protections of a California statute that applies only to businesses located in California where they do not meet those jurisdictional requirements); *Keithly v. Intelius*, 764 F. Supp. 2d 1257, 1271 n. 13 (W.D. Wash. 2011) (finding that a choice-of-law provision does not convey standing without explanation as to "how a contractual agreement between private parties can expand the statutory and jurisdictional limits" of the statute). Instead, the Plaintiffs must be able to argue that the facts as alleged meet the specific requirements necessary to sustaining a cause of action under the FSCA.

The FSCA provides that anyone "whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of [certain Florida statutes] shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications." Fla. Stat. Ann. § 934.10(1). To establish a claim under the FSCA, plaintiffs bringing suit must be residents of Florida or the interception at issue must have occurred in Florida. *Cohen Bros., LLC v. ME Corp.*, S.A., 872 So.2d 321, 324 (Fla. 3d DCA 2004). An interception occurs where the communication originated, not where it is heard. *Stalley v. ADS Alliance Data Sys., Inc.*, 997 F. Supp. 2d 1259, 1265 (M.D. Fla. 2014); *State v. Mozo*, 655 So.2d 1115, 1117 (Fla. 1995).

Here, Plaintiffs' alleged interactions with Nemours' website and app were made within or involve only Pennsylvania, New Jersey, or Delaware. (Complaint, ¶¶ 8-10, 13-15, ECF No. 1.) Indeed, the only relationship Plaintiffs claim between Florida and the alleged conduct is that Nemours' principal place of business is Florida and that the choice-of-law provision in the Terms

of Use on Nemours' website and app identifies Florida.  (Plaintiffs' Response to Motion to Dismiss, ECF No. 26, pp. 7-9.)  Neither argument justifies applying the FSCA to conduct that would not otherwise fall within its scope.

Plaintiffs suggest that the realities of advanced technology may require that the definition of the point of interception evolve in the electronic context and thereby requires a more developed factual record to determine precisely where the browser communications were intercepted and whether that precise location might be Florida.  (Plaintiffs' Response to Motion to Dismiss, ECF No. 26, pp. 9-10.)  However, Florida courts have interpreted an interception to occur where the communication originated in accordance with the FSCA's intended purpose to protect the original utterance from subsequent wrongful distribution or use.  *See Koch*, 710 So.2d at 7 (finding that "the intent of the civil provisions of the ACT . . . seek[s] to protect the privacy of the speaker).  This Court will not seek to disrupt Florida courts' determination that the FSCA's aims are best supported by defining interception at the point of the communication's origin.  Accordingly, as the Plaintiffs have not alleged that any of the intercepted communications originated in Florida, the FSCA does not apply to these claims and Defendant's Motion to Dismiss as to Count 1 must be Granted and Count 1 shall be Dismissed with Prejudice.  Consequently, the Court does not reach the issue of whether the choice-of-law provision contained in the Terms of Use would cover this dispute.

      B.    *Discovery Is Necessary to Determine Whether the Alleged Conduct Supports a Cause of Action Under the PWESCA.*

Dismissal of Plaintiff Strusowski's claims under the PWESCA is premature as factual discovery is necessary to determine whether contents within the definition of the PWESCA had been intercepted in Pennsylvania.  The PWESCA "offers a private civil cause of action to '[a]ny person whose wire, electronic or oral communication is intercepted, disclosed or used in

violation of [that statute]' against 'any person who intercepts, discloses or uses, or procures any other person to intercept, disclose or use, such communication.'" *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 125 (3d Cir. 2022) (citing 18 Pa. C.S. § 5725(a)). To properly plead that there had been an interception under the PWESCA, a plaintiff must allege that there had been an "acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. C.S. § 5702. "Contents" is defined as "information concerning the substance, purport, or meaning of" a communication. *Id.* A "device" is defined as "[a]ny device or apparatus . . . that can be used to intercept a wire, electronic, or oral communication" and not exempted by the statute. *Id.* "Electronic communication" is defined as "[a]ny transfer of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photo-optical system" with exceptions including communications from a tracking device. *Id.* The application of the PWESCA is limited to conduct occurring within Pennsylvania. *Larrison v. Larrison*, 750 A.2d 895, 898 (Pa. Super. 2000).

Here, the Defendant argues that the Complaint failed to identify any specific content that was transmitted to Facebook, that there was a plausible interception of those contents by a device within Pennsylvania, or that these were electronic communications. *See* Motion to Dismiss, ECF No. 17-1. Plaintiff Strusowski has alleged that substantive health information had been transmitted via Nemours' website or app, which would meet the definition of "contents" under the PWESCA, and that that information had been intercepted by Facebook. 18 Pa. C.S. § 5703. He further alleged that all of these transmissions originated in Pennsylvania. (Complaint, ¶ 9, ECF No. 1.) It would be more appropriate for the Court to evaluate and assess Plaintiff's allegations, and whether the alleged conduct falls within the scope of the PWESCA, on a

developed factual record at the close of discovery. As such, Defendant's Motion to Dismiss as to Count 2 is Denied.

## V.      CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim is Granted in Part as to Count 1 and Denied in Part as to Count 2.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**